UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN ZARATE,<br><br>　　　　Plaintiff,<br>　v.<br>TRINITY, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-02046-RFB-BNW<br><br>**ORDER** |

Plaintiff Stephen Zarate brings this pro se civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while he was detained at Clark County Detention Center. (ECF No. 10). On January 19, 2024, this Court ordered screened Zarate First Amended Complaint under 28 U.S.C. § 1915A, dismissing some claims with prejudice and the remaining claims with leave to file a second amended complaint by February 19, 2024. (ECF No. 9). Because the Court's mail to Zarate was returned as undeliverable, (ECF No. 11), on March 11, 2024, the Court extended the deadline to amend to April 11, 2024, and also ordered Zarate to file his updated address with the Court by that deadline. (ECF No. 12). That deadline has expired without a second amended complaint or an updated address from Zarate.

I.　DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130)

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Zarate's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Litigation cannot progress without a party's compliance with the court's orders, and this action cannot proceed until Zarate files a second amended complaint. The only alternative to dismissal here is to enter a third order setting a third deadline. But setting another deadline is not a meaningful alternative given these circumstances because Zarate ignored the Court's earlier orders. The fifth factor therefore favors dismissal.

**II.     CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Stephen Zarate's failure to file a second amended complaint and an updated address in compliance

with the Court's January 19 and March 11, 2024, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Zarate wishes to pursue his claims, he must file a complaint in a <u>new</u> case and provide the Court with his current address.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 8) is GRANTED. This status doesn't relieve Zarate of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

It is further ordered that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Stephen Zarate, #1155370** (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

It is further ordered that the Clerk of the Court will send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

**DATED:** April 18, 2024.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE